UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., ) ) Plaintiff, ) ) v. ) ) ) GRAPHIC PACKAGING INTERNATIONAL, INC., ) ) Defendant. ) | CIVIL ACTION NO. 1:10-cv-1195-CAP |

## AGREED ORDER AND FINAL JUDGMENT

Before the Court is plaintiff and defendant's Joint Motion for Entry of Agreed Order and Final Judgment [Docket No. 230]. Having considered the matter, the motion is GRANTED. The Court hereby enters Final Judgment in this case, disposing with prejudice of all claims that have been or could have been asserted against Defendant, Graphic Packaging International, Inc. ("GPI")" , and also HOLDS and ORDERS as follows:

1.  Plaintiff, San Francisco Technology, Inc. ("SF Tech"), on behalf of itself and as the *qui tam* relator representing the United States of America and the general public, brings this action against GPI for alleged violations of 35 U.S.C. § 292. SF Tech's claim was originally filed in the U.S. District Court for the

Northern District of California as Case No. C 09:06083 RS on December 30, 2009. By Order dated April 13, 2010 [Docket No. 194], SF Tech's claim against GPI was transferred to this Court [Docket Nos. 197 and 198]. SF Tech alleges that Defendant has applied false markings referring to U.S. Patent No. Des 350,480 (or D350,480); U.S. Patent No. 4,331,289; U.S. Patent No. 4,396,143; U.S. Patent No. 5,297,725 and "Other Patents Pending" ( collectively, the "Subject Patents")  in violation of 35 U.S.C. § 292.

2.     The Court HOLDS and ORDERS that the Complaint, and any and all claims by Plaintiff San Francisco Technology, Inc., the United States of America, *qui tam* relators and/or the general public for any violations of 35 U.S.C. § 292 or any other statute or law related to false marking or false advertising, based on Defendant GPI's marking or advertising of any past or existing product with one or more patent numbers, including but not limited to one or more of the Subject Patents, or with the words "Other Patents Pending" or with language indicating that a product may be covered by a patent, are fully resolved by this Agreed Order and Final Judgment and are hereby dismissed with prejudice.

3.     The Court hereby HOLDS and ORDERS that Defendant and its distributors, direct or indirect customers, end-users and any person acting in

concert with any of them shall have, without further liability, a commercially reasonable period of time in which to sell or dispose of past, current and future inventory, and to transition away from products or markings, which might be alleged to violate 35 U.S.C. § 292.  Accordingly, Defendant and its direct and indirect customers, distributors, end-users and all persons in concert with any of them may mark, manufacture, sell, distribute, advertise and promote GPI products and packaging, including but not limited to those referring to one or more of the Subject Patents, until January 1, 2012 without further liability.

4. The Court hereby HOLDS and ORDERS that Plaintiff SF Tech has a valid statutory assignment of the rights of the United States of America to pursue and dispose of the claims resolved and dismissed in this Agreed Order and Final Judgment.

5. The parties' Settlement Agreement is attached as Exhibit B to the Joint Motion for Entry of Agreed Order and Final Judgment.  The Court hereby HOLDS and ORDERS that it expressly retains jurisdiction to resolve any disputes regarding the terms of the Settlement Agreement, any action to enforce that agreement, or any action alleging breach of the agreement.

6. The Court hereby HOLDS and ORDERS that each party shall bear its own costs and attorneys' fees associated with this action.

7. The parties have agreed that all appeals of this Agreed Order and Final Judgment are waived.

8. The Clerk is DIRECTED to re-open this case for the purpose of entry of this Agreed Order and Final Judgment.

**IT IS SO ORDERED.**

| | |
|---|---|
|    March 4   , 2011 | /s/ Charles A. Pannell, Jr. |
| Date | Charles A. Pannell |
| | United States District Court Judge |